█ In the Matter of ARTHUR L. MATHIS, Appellant, v. ROBERT J. HENDER-SON, as Superintendent of Auburn Correctional Facility, et al., Respondents.— Judgment unanimously affirmed. Memorandum: In this article 78 proceeding petitioner-appellant contends that his present detention is invalid and is violative of his constitutional right to procedural due process. Petitioner was convicted in this State in 1957 of the crime of robbery and was sentenced to 15 to 30 years. After serving approximately 10 years of his sentence, he was paroled in 1967 to authorities in the State of Ohio. While on interstate parole, petitioner was arrested in Ohio and charged with assault with a deadly weapon. Upon being indicted on the charge, petitioner pleaded guilty. Shortly after petitioner was arrested in Ohio, New York State authorities filed a parole detainer against him. After being sentenced in Ohio petitioner was returned to New York as a parole violator and after a formal parole hearing his parole was revoked in December, 1972. Petitioner's principal argument is that his parole was revoked without due process in violation of *Morrissey* v. *Brewer* (408 U. S. 471) in that he was never given a preliminary parole revocation hearing. The respondent concedes that petitioner did not have a preliminary hearing but contends that since petitioner was convicted of a crime committed while on parole, a new revocation hearing would be inappropriate and would be a useless act (*People ex rel. Maggio* v. *Casscles*, 28 N Y 2d 415). Respondent argues that having had a formal revocation hearing and petitioner having admitted, as did his counsel upon argument, that he was validly convicted of the crime in Ohio, the failure to grant a preliminary hearing is a moot matter, for the hearing would in no manner have benefitted petitioner after having been found in violation of his parole after a formal hearing. We agree with that position (*Matter of*

*Richardson* v. *New York State Board of Parole,* 41 A D 2d 179, affd. 33 N Y 2d 23). Consonant with the principle enunciated in *Morrissey,* we believe that preliminary hearings should be had at the earliest possible date. We are constrained to repeat that in the posture of the case before us, however, a preliminary hearing could in no way have assisted the petitioner. (See, also, *People ex rel. Calloway* v. *Skinner,* 33 N Y 2d 23.) Upon argument, and for the first time, petitioner's attorney contended that petitioner was not properly credited with jail time for all or a portion of the period when he was in custody on the New York detainer while under arrest in Ohio. This matter was not raised in the petition or in the hearing before Special Term. Subsequent to argument, petitioner's attorney in a letter to the court submitted information which the attorney stated was secured from the Department of Correction relating to the jail time for which petitioner contends he was not given credit. We are unable to determine that question on the record before us. An interesting discussion of credit for jail time in circumstances like the case at bar is contained in *McGinnis* v. *United States ex rel. Pollack* (452 F. 2d 833) in an opinion by now Chief Judge Kaufman of the United States Court of Appeals, Second Circuit. Petitioner may make his position known to the Department of Correction in an effort to resolve the question of credit for jail time, and if the information supplied to the petitioner by that Department convinces him that he is entitled to additional jail time credit, he may resort to appropriate proceedings for redress. We commend all of the counsel in this matter and particularly the law students of Cornell Law School who assisted in the preparation of appellant's case. (Appeal from judgment of Cayuga Special Term dismissing order to show cause in article 78 proceeding.) Present — Goldman, P. J., Witmer, Moule, Simons and Henry, JJ.